GEORGE H. HOHAUS, Plaintiff, v. DORA A. ARGERSINGER and Frank Argersinger, Respondents,
and
L. R. BAIRD, as Receiver of Farmers State Bank of Forman, North Dakota, a Corporation, Appellant.

(227 N. W. 197.)

Opinion filed October 24, 1929.

*Charles S. Ego,* for appellant.

*Lauder, Heder & Lauder,* for respondents.

BURKE, Ch. J.   This is an action to set aside a conveyance of real property upon the ground that the same was made in fraud of creditors.

The trial court made findings of fact, and conclusions of law favorable to the defendants, Dora A. Argersinger and Frank Argersinger, and from judgment thereon, L. R. Baird, as receiver of the Farmers State Bank of Forman, North Dakota, appeals, demanding a trial de novo.

It is undisputed that in 1920, Dora Argersinger was the owner of one hundred and sixty acres of land adjoining the town of Forman, N. D.; that she borrowed $3,000 upon this land, and turned the same over to her husband, Frank Argersinger, and that Argersinger never returned the money until September 2, 1926, at which time he executed and delivered to his wife a warranty deed to lots seven, eight and nine in block eleven original plot of the town of Forman, N. D., and an undivided one half interest in lots thirteen, fourteen and fifteen in block two in the town of Forman, N. D.; that this was all the real estate that Frank Argersinger owned at the time of the transfer, and that he was indebted to L. R. Baird, as receiver, of the said Farmers State Bank, and had other creditors.

The defendants, Dora Argersinger and Frank Argersinger, were called for cross-examination under the statute and testified, that in 1920, Dora Argersinger borrowed $3,000 on her land and turned the same over to the defendant, Frank Argersinger, who invested the same in other land in which Dora Argersinger had no interest.   They testified that the money so borrowed was loaned by Dora Argersinger to Frank Argersinger; no note was taken, there was nothing said about interest, and no date was fixed for the payment of the loan, but Frank Argersinger was to pay it when he could.

Appellant in his argument in this court admits that Dora Argersinger borrowed the money on her farm, and that she turned it over to her husband who used it in the purchase of other lands, but contends

that because no writing was executed between the husband and wife at the time, no provision made for the payment of interest, no interest paid; that the evidence shows that it was not a loan, and the testimony of the defendants under cross examination shows that the transaction between the husband and wife was not a loan, and therefore, there was no consideration for the deed executed and delivered by Frank Argersinger to his wife on the second day of September, 1926.

In the case of Finch, Van Slyke & McConville v. Styer, 51 N. D. 148, 199 N. W. 444, Mrs. Styer advanced money to her husband, from time to time, and there was a definite understanding between husband and wife that the husband owed the wife approximately $1,400 on account of the advances made by her towards the purchase of the Caledonia property. There was no testimony that there was a specific or definite agreement, that this amount would be repaid by the husband, the testimony being simply that they agreed that he owed her this amount. Mrs. Styer did not take a note, and no demand for the repayment for this amount was made until a fire on January 1, 1911. Held that when the parties agree upon the amount of the debt the law implies a promise to pay the amount and the conveyance in payment of such indebtedness was not in fraud of creditors.

It is well settled in this state, that while transactions between parties nearly related should be carefully scrutinized they are not presumptively fraudulent; that a husband may become indebted to his wife whom he may prefer as a creditor; that insolvent debtors may prefer creditors; that relationship between the parties to an alleged fraudulent conveyance is a circumstance calling for close scrutiny of the transaction but is not of itself a badge of fraud, nor does it give rise to a presumption supplanting proof. Suspicious circumstances alone are not equivalent to proof of fraud.

In the case at bar, the first transaction between the husband and wife is perfectly legitimate. The wife borrowed $3,000 on her land. The mortgage which she gave to secure it was foreclosed and she lost the land. One reason why transactions between near relations are so carefully scrutinized, is, the temptation to claim there is a debt when in fact, there is none and where the alleged creditor parted with nothing. But in this case, there is no claim or suspicion even, that Dora Argersinger did not part with $3,000, and that her husband got it,

and invested it with other parties in the purchase of lands. The claim of fraud rests alone upon the testimony that there was no note, no time of payment fixed, and no demand for repayment until sometime in 1926, after L. R. Baird, as receiver, had sued Frank Argersinger. If there had been a note given it would only be evidence of the debt, and since it is admitted that the husband got the money that was borrowed expressly for him, and both husband and wife testified, that the money was given and taken as a loan, the trial court was right in finding that it was a loan.

This case comes squarely within the rule laid down in the case of Finch, Van Slyke & McConville v. Styer, supra; Tomlinson v. Farmers' & M. Bank, ante, 217, 225 N. W. 315; First Nat. Bank v. Mensing, 46 N. D. 184, 180 N. W. 558; Kolbe v. Harrington, 15 S. D. 263, 88 N. W. 572.

The judgment is affirmed.

CHRISTIANSON, BIRDZELL, BURR, and NUESSLE, JJ., concur.